**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY L. HECHT,<br><br>                Plaintiff,<br><br>             v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                Defendant. | Civil Action No. 19-16760 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Plaintiff Tracy L. Hecht's ("Plaintiff") appeal from the final decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying her request for benefits. (Compl., ECF No. 1.) The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge ("ALJ").

## I.     BACKGROUND

### A.     Procedural History[1]

On May 13, 2016, Plaintiff filed an application for Social Security Income, alleging an onset date of August 19, 2014.[2] (AR 150-56.) Plaintiff's application was denied initially and upon reconsideration. (*Id.* at 56-62, 64-75.) The ALJ conducted an administrative hearing on July 6, 2018, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 12-20, 25-55.) Following the Appeals Council's denial of Plaintiff's request for review (*id.* at 1-3), Plaintiff filed an appeal to the United States District Court for the District of New Jersey (*See generally* Compl.).[3] Defendant filed the Administrative Record on November 10, 2020. (ECF No. 16.) Plaintiff filed her moving brief on March 7, 2021 (Pl.'s Moving Br., ECF No. 20), the Commissioner filed opposition on April 2, 2021 (Def.'s Opp'n Br., ECF No. 22), and Plaintiff filed a reply on April 18, 2021 (Pl.'s Reply Br., ECF No. 23).

### B.     The ALJ's Decision

On October 23, 2018, the ALJ rendered a decision. (AR 12-20.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an

---

[1] The Administrative Record ("AR") is located at ECF Nos. 16-1 through 16-7. The Court will reference the relevant AR page numbers and will not reference the corresponding ECF page numbers within those files.

[2] The ALJ's decision and Defendant's opposition brief both indicate that Plaintiff filed her application on April 26, 2016. (AR 12, 20; Def.'s Opp'n Br. 4, ECF No. 22.) The Initial Disability Determination Explanation and Disability Determination and Transmittal form also indicate that Plaintiff filed for disability on April 26, 2016. (AR 56, 63.) Plaintiff states that she filed the application on May 13, 2016. (Pl.'s Moving Br. 1, ECF No. 20.) A review of the cited reference (AR 150) reflects a filing date of May 13, 2016. Although the Court is not clear regarding the April 26, 2016 versus May 13, 2016 filing date, the specific filing date does not impact the Court's overall decision.

[3] With her Complaint, Plaintiff filed an *in forma pauperis* ("IFP") application (ECF No. 1-2), which the Court denied on April 9, 2020 (ECF No. 5). Plaintiff filed a renewed IFP application on May 7, 2020 (ECF No. 6), which the Court denied for failure to complete the application in its entirety (ECF No. 7). On July 17, 2020, Plaintiff filed a completed IFP application (ECF. No. 8), which the Court granted on September 10, 2020 (ECF No. 11).

individual is disabled. (*Id.* at 12-14.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in substantial gainful activity [("SGA")] since . . . [her] application date." (*Id.* at 14) (citation omitted). At step two, the ALJ found that Plaintiff had the severe impairments of "post-traumatic stress disorder (PTSD), depressive disorder, anxiety disorder, and history of alcohol abuse." (*Id.*) (citation omitted). The ALJ also found that the objective medical evidence submitted by Plaintiff "does not support a finding" that Plaintiff's Crohn's disease "more than minimally affects [her] ability to perform basic work activities and is nonsevere." (*Id.*) At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [("Appendix 1")]." (*Id.*) (citations omitted).

The ALJ then found that Plaintiff possessed the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the [Plaintiff] can work without exposure to hazardous moving mechanical parts. She is able to perform simple, routine tasks. She is able to make simple work related decisions. She can occasionally interact with coworkers. She can perform work that does not require her to interact with the public.

(*Id.* at 16.) At step four, the ALJ found Plaintiff "unable to perform any past relevant work." (*Id.* at 18.) At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 19.) The ALJ, consequently, found that Plaintiff was not under a disability from the application filing date through the date of the decision. (*Id.* at 20.)

## II.     LEGAL STANDARD

### A.     Standard of Review

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence, however, "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted). An ALJ's fact-finding is not readily subjected to categorical rules separate and apart from the deferential substantial evidence test. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154-55 (2019). Instead, "[t]he inquiry . . . is case-by-case." *Id.* at 1157.

**B.    Establishing Disability**

In order to be eligible for disability benefits, a claimant must be unable to "engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such

4

severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

For the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. 20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(4)(ii). If the first two steps are satisfied, the third requires the claimant to provide evidence that her impairment "meets or equals" an impairment listed in Appendix 1. *See* 20 C.F.R. § 404.1520(d). If the claimant demonstrates sufficient evidence under the third step, she is presumed to be disabled and is automatically entitled to disability benefits. *See id.* If she cannot so demonstrate, however, the eligibility analysis proceeds to step four. *See* 20 C.F.R. 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *See id.* If the claimant can continue the work that she performed pre-impairment, then she is not "disabled" and not entitled to disability benefits. *See* 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(g).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that is consistent with her RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(g); *See Malloy*, 306 F. App'x at 763. If the Commissioner cannot satisfy this burden, the claimant will receive Social Security benefits. S*ee* 20 C.F.R. § 404.1520(g).

## III.   <u>DISCUSSION</u>

Based on its review of the ALJ's decision and its analysis of the specific record, the Court finds good cause to uphold the ALJ's determination that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act.

### A.   **The ALJ's Step Three Findings**

Plaintiff argues that she meets the qualifications necessary to establish disability set forth in Appendix 1. (Pl.'s Moving Br. 11.) According to Plaintiff, the ALJ found that her impairments did not meet the "paragraph B" criteria. (*Id.* at 11.) Plaintiff argues, however, that her mental impairments would "more properly . . . fall under 12.04 A and C" and 12.06 A and C and that the ALJ would have found that she met the "paragraph C" criteria if he had appropriately considered all of the medical records. (*Id.* at 11-13.) Here, the Court finds no error in the ALJ's "paragraph B" and "paragraph C" findings.

To establish disability at step three, Plaintiff must satisfy the criteria of one or more listings of Appendix 1. In reaching his decision, the ALJ considered listings "12.04–Depressive, bipolar and related disorders", "12.06–Anxiety and obsessive-compulsive disorders", and "12.15–Trauma-and stressor-related disorders." (AR 14-16.) Each of these listings contains "paragraph A," "paragraph B," and "paragraph C" criteria. Plaintiff bears the burden of demonstrating that she satisfies the "paragraph A" and "paragraph B" criteria or the "paragraph A" and "paragraph C" criteria. The "paragraph A" criteria are not at issue on this appeal. The Court, therefore, considers the ALJ's findings regarding the "paragraph B" and "paragraph C" criteria.

In reaching his decision, the ALJ discussed both the "paragraph B" and the "paragraph C" criteria. "Paragraph B" requires "extreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand[ing], remember[ing], or apply[ing] information; (2) interact[ing] with others; (3) concentrate[ing], persist[ing], or maintain[ing] pace; or (4) adapt[ing] or manag[ing] oneself." 20 C.F.R. § 404, Subpt. P, App. 1., ¶¶ 12.04(B), 12.06(B) (internal citations omitted). The ALJ found that Plaintiff did not demonstrate an extreme or marked limitation in any area of mental functioning. Rather, the ALJ found that Plaintiff had moderate limitations in each of categories B(1)-B(3) and a mild limitation in category B(4). (AR 15.) The ALJ supported his "paragraph B" findings with a discussion of various items of record, including Plaintiff's May 17, 2016 Function Report and Plaintiff's consultative evaluation with Dr. Resnikoff. (*Id.*) Here, the Court finds that the ALJ's findings with respect to the "paragraph B" criteria are supported by substantial evidence.

"Paragraph C" provides that a mental disorder is "serious and persistent;" that is, a claimant:

> ha[s] a medically documented history of the existence of the disorder over a period of at least [two] years, and there is evidence of both: (1) [m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] mental disorder; *and* (2) [m]arginal adjustment, that is, [the claimant] [has] minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life.

20 C.F.R. § Pt. 404, Subpt. P, App. 1., ¶¶ 12.04(C), 12.06(C), 12.15(C) (internal citations omitted). Here, the ALJ found that "the record did not establish instances where [Plaintiff] was unable to adapt to changes and her conditions did not appear to cause significant limitation that would cause her difficulty making marginal adjustments." (AR 15.)

The Court agrees that there is a lack of record evidence demonstrating Plaintiff's minimal capacity to adapt. Indeed, the fact that Plaintiff has little change to her daily routine (*see generally*

AR 31-45) is not evidence that she is incapable of adapting to changes in her environment or to demands that are not already part of her daily life. At this step of the framework, the burden is on Plaintiff to prove disability. *See* 20 C.F.R. § 416.912(a); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff did not meet her burden at step 3. Rather, the Court finds that the ALJ's step three determinations are supported by substantial evidence.

### B.      The Weight the ALJ Afforded to the Medical Evidence

Plaintiff asserts that the ALJ improperly evaluated the medical evidence of record. (Pl.'s Moving Br. 10-17.) Specifically, Plaintiff argues that the ALJ: (1) failed to discuss the inconsistencies between the medical record and Plaintiff's allegations; (2) inappropriately gave little weight to findings of the State Agency physicians; (3) improperly provided great weight to Dr. Patel's opinion that Plaintiff did not have physical limitations that limited her ability to work; (4) erred in finding that Dr. Resnikoff's report did not include specific functional limitations; (5) improperly "negate[d]" a third-party statement; and (6) failed to apply the correct legal standard regarding Plaintiff's subjective complaints of pain. (*Id.* at 9-17.)

Defendant responds that substantial evidence supports the ALJ's consideration of Plaintiff's complaints. (Def.'s Opp'n Br. 14.) Defendant notes that the state agency psychologist opined in October 2016 that Plaintiff had the mental residual functional capacity to perform unskilled work, and none of Plaintiff's treating or examining providers indicated that Plaintiff's mental complaints preclude her from working. (*Id.* at 15.) Defendant argues that: (1) the record contained no specific treatment records from Dr. Patel; (2) Dr. Patel stated that Plaintiff was noncompliant with treatment; (3) the ALJ appropriately weighed the third-party statement; and (4) the ALJ rendered his decision based on the relevant record evidence. (*Id.* at 15-17.) Defendant asserts that Dr. Resnikoff set forth no specific work-related limitations. (*Id.* at 16.) Defendant also emphasizes that Dr. Resnikoff opined that Plaintiff would need supervision if she were awarded

benefits "due to her admission of alcohol abuse on the weekends, not because she was disabled." (*Id.* at 16) (citing AR 347).

In reaching a decision, an ALJ must evaluate the evidence and explain why evidence has been rejected. *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981). Yet, it is unnecessary for the ALJ to "undertake an exhaustive discussion of all the evidence" where the court can determine "that there is substantial evidence supporting the Commissioner's decision[.]" *Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004).

The ALJ's findings here contain sufficient analysis for the Court to determine that his decision was supported by substantial evidence. The ALJ individually weighed items of evidence according to their consistency with the record, temporal proximity to the alleged onset date, or specificity of limitations. The Court, consequently, does not find Plaintiff's arguments in favor of remand persuasive.

For example, Plaintiff argues that the ALJ erred in only giving partial weight to the non-examining physicians "because they did not directly examine [P]laintiff." (Pl.'s Moving Br. 14.) Plaintiff argues such error is "ludicrous" because the Administration "does not require a **non-examining** physician to examine the [P]laintiff." (*Id.*) (emphasis in original). Plaintiff further argues the matter must be remanded for proper analysis "[o]n this issue alone." (*Id.*) According to Plaintiff, "[g]iving partial weight to a non[-]examining opinion for no other reason than an exam was not performed cannot stand as substantial evidence." (Pl.'s Reply Br. 2.) Plaintiff, however, misapprehends the explanation proffered by the ALJ. The ALJ's opinion does not reflect that he gave the opinions of non-examining physicians Drs. McWilliams and Fairweather "partial weight" "because they did not directly examine [P]laintiff" as Plaintiff alleges. Rather, the ALJ stated that "[w]hile Dr. McWilliams did not have the opportunity to directly examine the claimant, Dr. McWilliams had an opportunity to review the record as it appeared on the date the opinion was

made." (AR 17.) The ALJ then stated that the State agency physicians used the prior "paragraph B" criteria in evaluating Plaintiff's mental impairments but the ALJ addressed their opinions within the context of the updated "paragraph B" criteria. (*Id.*) The ALJ also noted that "Dr. McWilliams did not have the opportunity to review the entire record." (*Id.*) The ALJ made similar findings with respect to Dr. Fairweather. (*Id.*) The Court, therefore, does not find Plaintiff's arguments persuasive.

Plaintiff also argues that "[a]nother meaningless finding by the ALJ was giving great weight to Dr. Patel's opinion that [she] did not have physical limitations that limited [her] ability to work." (Pl.'s Moving Br. 14.) According to Plaintiff, "[h]er low back pain required treatment by a chiropractor." (*Id.*) Plaintiff, however, failed to demonstrate any functional limitations related to lower back pain and failed to reference any medical records or reports from a chiropractor in the Administrative Record. As such, Plaintiff's argument with respect to Dr. Patel is also unpersuasive.

Next, Plaintiff argues that the ALJ erred in providing her mother's third-party statements "little weight [as] they are not medical opinions." (Pl.'s Moving Br. 16.) Plaintiff's argument implies that the ALJ has chosen to disregard the longitudinal observations of a very familiar source. With respect to the third-party statements, the ALJ indicated that he considered the assertions regarding Plaintiff's wellbeing. (AR 18.) The ALJ also stated that the observations and assessments "provided insight into [Plaintiff's] condition during the period at issue." (*Id.*) The ALJ, nevertheless, found that the statements "are not persuasive of additional specific restrictions in the [Plaintiff]'s [RFC]." (*Id.*) The Court does not find error in the ALJ's findings regarding the third-party statements.

Finally, the Court is similarly unpersuaded by Plaintiff's other arguments. After careful consideration of the record, the Court finds that the ALJ's findings are supported by substantial evidence.

### C.     Plaintiff's RFC and the Hypothetical Questions Posed to the Vocational Expert

Plaintiff argues that the ALJ failed to follow the appropriate rulings in assessing her RFC. (Pl.'s Moving Br. 17-21.) According to Plaintiff, the ALJ found that she could perform work at all exertional levels, but the decision restricted her to light work. (*Id.* at 17-18.) Plaintiff additionally argues that the RFC assessment is conclusory, "does not contain rationale or reference to the supporting evidence," and fails to consider her non-severe Crohn's disease and low back pain. (*Id.* at 18-20.) Plaintiff further argues that the ALJ erred by not including all relevant limitations in the hypothetical questions posed to the vocational expert ("VE") and then relying on the VE's responses to those hypothetical questions. (*Id.* at 17-21.)

Defendant responds that "the fact that the [VE] identified light jobs Plaintiff could perform in no way invalidates the ALJ's findings, nor does Plaintiff identify any evidence to support a claim that she cannot perform the jobs identified [by the VE]." (Def.'s Opp'n Br. 17.) Defendant also argues that Plaintiff failed to identify any evidence supporting treatment for physical impairments during the relevant period aside from her testimony. (*Id.*) In addition, Defendant indicates that one state agency psychologist opined that Plaintiff did not have a severe mental impairment and a second state agency psychologist opined that Plaintiff has the mental RFC to perform unskilled work. (*Id.* at 17-18.) Defendant, accordingly, argues that substantial evidence supports the ALJ's decision. (*Id.* at 18.)

Steps four and five of the sequential framework seek to establish whether there are jobs that exist in significant numbers in the national market that a claimant can perform. *See* 20 C.F.R. 404.1569 and 404.1569(a). Both steps turn on a claimant's RFC, which reflects the ALJ's

consideration of a claimant's medically determinable impairments. (SSR 96-8p.) Third Circuit case law dictates that the ALJ offer an explanation based on the evidence for any conclusions he draws as to claimant's RFC. *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198 (3d Cir. 2019). However, "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three. Those portions of the disability analysis serve distinct purposes and may be expressed in different ways." *Id.* at 209.

Here, the ALJ found that Plaintiff can perform work at all exertional levels, but with five non-exertional limitations: no exposure to hazardous moving mechanical parts; perform only simple, routine tasks; ability to make simple work-related decisions; occasionally interact with coworkers; and perform work that does not require interaction with the public. (AR 16.) In reaching his decision, the ALJ stated that the examination results, medical record, and objective evidence as a whole did not support the degree of limitations Plaintiff alleged and discussed various items of record. (*Id.* at 17-18.) Based on its consideration of the record and the ALJ's decision, the Court finds that the ALJ's RFC determination was supported by substantial evidence.

At step four, the ALJ found Plaintiff unable to perform any past relevant work due to the RFC's restriction to "simple repetitive tasks" and because Plaintiff's past relevant work required "public interaction." (AR 18-19.) Based on hypothetical questions posed by the ALJ, the VE testified that at least three different jobs exist in significant numbers in the national economy that the hypothetical individual could perform.[4] (*Id.* at 19.) Ultimately, at step five of the sequential analysis, the ALJ found Plaintiff capable of making a successful adjustment to other work. (*Id.* at

---

[4] The ALJ's colloquy with the VE reflected an initial misunderstanding regarding the amount of contact Plaintiff had with the public in her previous tire shop customer service position. (AR 49-53.) After Plaintiff's counsel cleared up the misconception about the previous position, the VE testified that past relevant work would not be available. The VE, nevertheless, identified three jobs that the hypothetical individual could perform. The Court does not find reversible error in the hypothetical questions posed to the VE.

20.) Here, the Court finds that the ALJ's decision that Plaintiff was not disabled was based on substantial evidence.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court affirms the decision of the ALJ. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
<b>MICHAEL A. SHIPP</b><br>
<b>UNITED STATES DISTRICT JUDGE</b>

<u>Dated:</u> September 30, 2021